UNITED STATES v. K. K. IMPORTING CORP.

**No. 5309.**—Invoice dated La Chaux De Fonds, France, July 15, 1938.
Entered at New York August 1, 1938.
Entry No. 710755.

(Decided June 13, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the plaintiff.
*Strauss & Hedges* (*Howard C. Carter* of counsel) for the defendant.

TILSON, Judge: This appeal involves the proper dutiable value of certain watch hands imported from France and entered at the port of New York on August 1, 1938. The merchandise is shown on the invoice as 509 c, and on the basis of this number it was invoiced, entered, and appraised. Counsel for the plaintiff contends in her brief filed herein that the merchandise received in this importation was not No. 509 c, but was in fact No. 524.

At the trial of the case counsel for the plaintiff offered and there were received in evidence three special agents' reports which were marked collective exhibits 1, 2, and 3. Counsel for the plaintiff offered and there was received in evidence and marked exhibit 4, a card containing three watch hands. Mr. Straus, who examined the merchandise, also testified for the plaintiff, in part, as follows:

- Q. Mr. Straus, the Exhibit 4, which you have just produced, they are the watch hands described on this invoice as item "509c", are they? A. Yes, those are the hands described on this invoice as "509c".

Q. Now Mr. Straus, I show you the watch hands attached as an exhibit to the Government Collective Exhibit 3, and ask you if they are the same watch hands as those which you have just produced having been taken by you out of this importation, Collective Exhibit 4?—A. Yes, those are from this shipment, from the sample, from the original sample. These are part of the original sample.

Q. Do you recognize them as the same hands you gave Government Counsel as having come from this importation?—A. Yes, they are the same hands.

Counsel for the Government in her brief filed herein states the issue in this case as follows:

Whether the correct dutiable value of this importation is the freely offered price of Swiss watch hands No. 509c, which were not imported, although so described on the invoice, or the freely offered price of the articles actually imported, namely, Swiss watch hands No. 524.

Forwarded as a part of collective exhibit 3, is what purports to be a translation of a letter dated August 8, 1940, addressed to "Swiss Watch Chamber, La Chaux de Fonds, Switzerland." At the bottom of this letter it is stated that the signature is "illegible." In this letter, the writer, entirely unknown to me, and without any means of identification, so far as this record is concerned, apparently referring to some watch hands that had been sent him for examination, states in part "they must be delivered at the minimum under No. 524 * * *." It is to be noted that the above letter, according to the purported translation thereof, is addressed to "Swiss Watch Chamber," and is also signed by carbon type "Swiss Chamber of Watches." Just what the Swiss Watch Chamber and the Swiss Chamber of Watches are and what connection, if any, they have with this case, I am not able to determine from this record.

If the above letter was offered to show that the imported watch hands are not No. 509c but are No. 524, it falls far short of its purpose. It is true that in a carbon copy of a letter dated May 29, 1940, purported to have been signed by Bernard Wait, there is a statement that "Samples of the watch hands shipped to the United States are attached." This letter was addressed to Monsieur Amez-Droz and so far as this record shows no reply was ever received by anyone from Monsieur Amez-Droz. It is true that Mr. Straus testified that he recognized the hands forwarded as a part of collective exhibit 3 as having come from the instant importation. If the watch hands forwarded as a part of collective exhibit 3 were from the instant importation, how Special Agent Wait came into possession of them I am left entirely to conjecture.

In connection with Mr. Straus' testimony that he recognized these hands as the same hands he gave Government counsel as having come from this importation, I wish to quote the following from the letter dated August 8, 1940:

On the other hand it is impossible for us to state whether these hands come from the firm Junod of our city in view of the fact that, generally speaking, the

watch hands from one manufacturer cannot be distinguished from those of another manufacturer. *Even a clever expert cannot tell.* [Italics mine.]

If any credence is to be placed in the above-copied statement from the letter of August 8, 1940, then there would appear to be some doubt that Mr. Straus was able to identify the watch hands shown him as having come from this importation.

Without further discussing the evidence offered by counsel for the plaintiff, suffice it here to say that such evidence falls far short of establishing the market value or price at or about the date of exportation of the instant merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, either for home consumption or for exportation to the United States, plus all costs, charges, and expenses specified in section 402 (c) and (d) of the act of 1930.

The burden resting upon counsel for the plaintiff in a reappraisement case has been so clearly and so often stated both by this court and appellate court that reiteration or citation here is not necessary.

Counsel for the plaintiff not having introduced sufficient evidence to overcome the presumptively correct values found by the appraiser, the appraised value is hereby affirmed. Judgment will be rendered accordingly.